# United States Court of Appeals
### For the Eighth Circuit

_____

No. 23-3614
_____

United States of America,

*Plaintiff - Appellee,*

v.

Jeremy Allen Bothwell,

*Defendant - Appellant.*

_____

Appeal from United States District Court
for the Southern District of Iowa - Western

_____

Submitted: October 21, 2024
Filed: April 24, 2025
[Unpublished]

_____

Before COLLOTON, Chief Judge, GRUENDER and KOBES, Circuit Judges.

_____

PER CURIAM.

Jeremy Bothwell pleaded guilty to conspiracy to distribute 500 grams or more
of cocaine. *See* 21 U.S.C. §§ 841(a)(1), (b)(1)(B), 846. The district court[*] sentenced

_____

[*]The Honorable Rebecca Goodgame Ebinger, United States District Judge for
the Southern District of Iowa.

Bothwell to 114 months' imprisonment. Bothwell appeals and challenges his sentence. We conclude that there is no reversible error and affirm the judgment.

Bothwell admitted in a plea agreement that he "distributed over 500 grams of cocaine" and that he "directed others to hide cocaine from law enforcement to avoid getting arrested." At sentencing, the district court found Bothwell responsible for 3.57 kilograms of cocaine—185 grams of cocaine that Bothwell distributed to an informant, 3.26 kilograms attributed to Bothwell based on the informant's reports to investigators, and 125 grams that was seized after a traffic stop of Bothwell and his girlfriend. The district court also imposed a two-level increase for obstruction of justice after finding that Bothwell willfully directed or procured other persons to conceal evidence that was material to an official investigation. *See* USSG § 3C1.1. The court calculated an advisory guideline range of 121 to 151 months' imprisonment and varied downward to a sentence of 114 months.

On appeal, Bothwell argues that the district court's determination of drug quantity was impermissibly based on hearsay evidence. In calculating drug quantity, the sentencing court may consider hearsay evidence "provided that the information has sufficient indicia of reliability to support its probable accuracy." USSG § 6A1.3(a). "In reviewing the reliability of hearsay and double hearsay evidence, we have considered factors such as the consistency of the hearsay testimony, the timing and nature of the declarant's statements, and the witness's impressions of the declarant's demeanor, as well as other corroborating evidence." *United States v. Sheridan*, 859 F.3d 579, 583 (8th Cir. 2017).

Bothwell objects primarily to the district court's reliance on testimony of a DEA agent about information gathered from an informant. The informant reported to DEA agents that Bothwell sold approximately three kilograms of cocaine per month. He advised that Bothwell stored cocaine in a shoe box above his kitchen cabinets, and that Bothwell said he could procure a pound of methamphetamine for

$3,000 or a pound of cocaine for $11,000. The informant also reported that Bothwell said that he had recently purchased a vehicle for $30,000. On one occasion, the informant provided agents with 17 grams of cocaine and told them that it was purchased from Bothwell without supervision by the DEA.

When recounting the informant's reports, the agent also presented corroborating information. The DEA discovered that Bothwell spent "sizeable sums of money" on luxury meals, vacations, and vehicles. These spending habits buttress the informant's report that Bothwell was distributing larger quantities of cocaine. Through intercepted phone calls, the DEA also corroborated that Bothwell purchased a vehicle for $30,000 and stored cocaine in a shoe box above his kitchen cabinet. The DEA agent's observation that a package of cocaine obtained after a controlled purchase was "warm to the touch" is consistent with the informant's report that Bothwell had dried it in a microwave. These corroborating facts support the informant's veracity and the reasonableness of the district court's reliance on the agent's testimony about the informant's reports. That the informant used drugs and once violated his cooperation agreement by purchasing drugs without supervision did not preclude a finding of reliability. *Cf. United States v. Blair*, 93 F.4th 1080, 1086 (8th Cir. 2024). The district court did not abuse its discretion in ruling that the DEA agent's hearsay testimony was reliable. *See Sheridan*, 859 F.3d at 583.

Bothwell also challenges the district court's application of a two-level increase under the guidelines for obstruction of justice. The adjustment applies where "the defendant willfully obstructed or impeded" the investigation of the instant offense of conviction and "the obstructive conduct related to . . . the defendant's offense of conviction and any relevant conduct." *Id.* A defendant obstructs or impedes an investigation by "directing or procuring another person to destroy or conceal evidence that is material to an official investigation." USSG § 3C1.1, comment. (n.4(D)). A defendant acts willfully when he "consciously act[s] with the purpose of obstructing justice," meaning that "his misconduct occurs with knowledge of an investigation, or

at least with a correct belief that an investigation is probably underway." *United States v. Collins*, 754 F.3d 626, 629-30 (8th Cir. 2014) (internal quotations omitted).

Bothwell asserts that the district court's imposition of the obstruction enhancement was rooted in an "overly broad interpretation and application" of the guideline and commentary. He also argues that there is insufficient evidence to establish that he acted with knowledge of an ongoing investigation and a conscious purpose to obstruct justice. We review the district court's interpretation of the sentencing guidelines *de novo* and its factual findings for clear error. *Id.* at 629.

After fleeing from a traffic stop, Bothwell placed two phone calls in which he directed two different accomplices to conceal cocaine from investigators. As he admitted in his plea agreement, Bothwell "directed others to hide cocaine from law enforcement to avoid getting arrested." In a third call, Bothwell told his father that he fled because he had something in the vehicle that he did not want officers to discover. Bothwell's statements are evidence that he consciously acted to conceal material evidence and to obstruct an investigation into his drug trafficking. *See id.* at 629-30. As the district court observed, Bothwell's instruction to an accomplice to remove a shoe box full of cocaine from above his kitchen cabinet is further evidence that Bothwell "was aware that law enforcement was interested in him." Bothwell's conduct fits squarely within § 3C1.1, and the district court did not err in applying the adjustment.

The judgment of the district court is affirmed.

_____